UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID HIGGS,

      Plaintiff,

CASE NO.:

v.

HVI STAFFING, INC., d/b/a Staff Zone,
A Foreign for Profit Corporation and
RYAN COMPANIES US, INC., a Foreign
For Profit Corporation,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID HIGGS, ("HIGGS" or "Plaintiff") by and through undersigned counsel, files this Complaint against Defendants, HVI STAFFING, INC., d/b/a Staff Zone ("Staff Zone") A Foreign for Profit Corporation and RYAN COMPANIES US, INC, ("Ryan") a Foreign for Profit Corporation, (collectively "Defendants"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA").

2. The jurisdiction of the Court over this controversy is based upon 29

U.S.C. §216(b) and 28 U.S.C. § 1331.

3. Venue is proper in the Middle District of Florida because Plaintiff resides within the District, Defendants maintain business operations within this District and a substantial portion of the events forming the basis of this suit occurred in this District.

**PARTIES**

4. At all times material hereto, Plaintiff was and continues to be a resident of Clay County, Florida.

5. At all times material hereto, Staff Zone was and continues to be a Foreign for Profit Corporation, doing business in the State of Florida. Further, at all times material hereto, HVI was and continues to be engaged in business in Clay County, Florida.

6. Staff Zone may be served with process upon its registered agent Coulter, Aviles & Jackson, LLC, 14452 Bruce B. Downs Blvd., Tampa, FL 33613.

7. At all times material hereto, RYAN was and continues to be a Foreign for Profit Corporation doing business in Clay County, Florida, with its principal place of business in Tampa, Florida.

8. RYAN may be served with process upon its registered agent Cogency Global, Inc., 115 North Calhoun Street, Suite 4, Tallahassee, FL 32301.

9. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

11. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

12. Defendants were and continue to be "employers" within the meaning of FLSA.

13. At all times material hereto, Defendants were and continue to be "an enterprise engaged in commerce," within the meaning of FLSA.

14. Based upon information and belief, the annual gross revenue of HVI was in excess of $500,000.00 per annum during the relevant time periods.

15. Based upon information and belief, the annual gross revenue of RYAN was in excess of $500,000.00 per annum during the relevant time periods.

16. At all times relevant hereto, HVI had more than ten employees.

17. At all times relevant hereto, Ryan had in excess of 100 employees.

18. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

19. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

20. As a non-exempt employee, Plaintiff is entitled to the applicable overtime wage rate for each overtime hour he was suffered and permitted to work

by Defendants. *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied*, 134 S.Ct. 62 (U.S. 2013) ("To be 'employed' includes when an employer 'suffer[s] or permit[s] the [employee] to work'")

21. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

22. Defendants hired Plaintiff to work as a non-exempt hourly-paid employee at the Ryan Companies JEA Headquarters in Tampa, Florida.

23. At all times material hereto, Plaintiff consistently worked more than forty (40) hours per work week. On average Plaintiff worked approximately 45-49 hours in the weeks he was employed by Defendants.

24. From the time Plaintiff was hired until his until his termination, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

25. HVI recruited the Plaintiff to work as a non-exempt hourly paid employee for Ryan to work as a "Handyman" in Ryan's JEA Headquarters in Tampa, Florida.

26. Plaintiff was managed by and took daily direction from personnel employed by Ryan, and was subject to the terms and conditions of employment it

4

directed, including but not limited to through work assignments, through employment policies and procedures, through scheduling and staffing, through physical working conditions, and through discipline up to and including termination.

27. On information and belief, Staff Zone and Ryan acted in all respects material to this action as the agent of the other, carried out a joint scheme, business plan or policy in material respects hereto, and the acts of Staff Zone and Ryan are legally attributable to each other.

28. The unlawful acts alleged in this Complaint were committed by Defendants' and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' business or affairs and with the authorization of the Defendants

29. At all times material to this action Defendants jointly directly or indirectly, controlled and directed the day to day employment of Plaintiff, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; and (vii) working conditions.

30. Defendants clearly operate as one entity despite separate corporate forms.

31. At all times material hereto Staff Zone and the Ryan agreed to allocate responsibility for, or otherwise co-determined key terms and conditions of the Plaintiff's work and jointly administered training, job duties, and job assignments.

32. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff, as Defendants knew or with reasonable diligence should have known that Plaintiff should be paid for all of their overtime hours at an overtime rate.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION AGAINST HVI STAFFING, INC., D/B/A STAFF ZONE

33. Plaintiff re-alleges and reavers paragraphs 1 through 32 of the Complaint, as if fully set forth herein..

34. Defendant's practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

35. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff.

36. Defendant failed to keep adequate records of the Plaintiff's work hours and pay in violation of section 211(c) of the FLSA. 29 U.S.C. § 211(c).

37. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the

following information:

    a. The time of day and day of week on which the employees' work week begins;

    b. The regular hourly rate or pay for any workweek in which overtime compensation is due under Section 7(a) of the FLSA;

    c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d. The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

    e. The hours worked each workday and total hours worked each workweek;

    f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive or premium overtime compensation;

    g. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

    h. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

    i. The dates, amounts, and nature of the items which make up the total additions and deductions;

    j. The total wages paid each pay period; and

    k. The date of payment and the pay period covered by payment.

C.F.R. §§ 516.2, 516.5.

38. Defendant has not complied with federal law and has failed to maintain such records with respect to Plaintiff. Because Defendant's records are inaccurate and/or inadequate, Plaintiff can meet this burden under the FLSA by proving that he, in fact, performed work for which he was improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

39. Defendant's failure to properly compensate Plaintiff at a rate of at least one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendant's purported day rate payment policy or practice.

40. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation correctly with respect to Plaintiff.

41. Specifically, Defendant was aware of the aforementioned illegal policies and FLSA violations, and Defendant refused to pay Plaintiff the proper amount of compensation as required by the FLSA.

42. Defendant did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the

8

Code of Federal Regulations.

43. Accordingly, Plaintiff brings this cause of action under section 216(b) of the FLSA, which allows the recovery of all unpaid overtime compensation to which Plaintiff is entitled, but has not been paid, for the 3-year period preceding the filing of Plaintiff's first consent to join as described above through the final disposition of this matter. 29 U.S.C. § 216(b).

44. Plaintiff contends that Defendant's conduct in violating the FLSA is willful. Accordingly, Plaintiff seeks recovery of all unpaid overtime compensation to which he is entitled, but has not been paid, for the three years preceding the filing of Plaintiff's first consent to join as described above through the final disposition of this matter. 29 U.S.C. § 216(b).

45. Due to the willful nature of Defendant's conduct, Plaintiff seeks to recover, as liquidated damages, an amount equal to unpaid overtime wages for the 3-year period preceding the filing of Plaintiff's first consent to join as described above through the final disposition of this matter—that is, the same period for which unpaid overtime damages are sought. 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court enter judgment against the Defendant as follows:

    a. For a declaratory judgment that Defendant has willfully and in bad faith violated the overtime wage provisions of the FLSA, and has deprived Plaintiff of Plaintiff's right to such compensation;

b. For an Order requiring Defendant to provide a complete and accurate accounting of all overtime wages to which Plaintiff is entitled;

c. For an Order awarding Plaintiff back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

e. For an Order awarding Plaintiff the costs of this action;

f. For an Order awarding Plaintiff attorneys' fees;

g. For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order granting such other and further relief as may be necessary and appropriate.

## COUNT II
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION AGAINST RYAN COMPANIES US, INC.

46. Plaintiff re-alleges and reavers paragraphs 1 through 32 of the Complaint, as if fully set forth herein.

47. Defendant's practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

48. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff.

49. Defendant failed to keep adequate records of the Plaintiff's work hours

and pay in violation of section 211(c) of the FLSA.  29 U.S.C. § 211(c).

50. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a. The time of day and day of week on which the employees' work week begins;

b. The regular hourly rate or pay for any workweek in which overtime compensation is due under Section 7(a) of the FLSA;

c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d. The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e. The hours worked each workday and total hours worked each workweek;

f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive or premium overtime compensation;

g. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

h. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i. The dates, amounts, and nature of the items which make up the total additions and deductions;

j. The total wages paid each pay period; and

k. The date of payment and the pay period covered by payment.

C.F.R. §§ 516.2, 516.5.

51. Defendant has not complied with federal law and has failed to maintain

such records with respect to Plaintiff. Because Defendant's records are inaccurate and/or inadequate, Plaintiff can meet this burden under the FLSA by proving that he, in fact, performed work for which he was improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

52. Defendant's failure to properly compensate Plaintiff at a rate of at least one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendant's purported day rate payment policy or practice.

53. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation correctly with respect to Plaintiff.

54. Specifically, Defendant was aware of the aforementioned illegal policies and FLSA violations, and Defendant refused to pay Plaintiff the proper amount of compensation as required by the FLSA.

55. Defendant did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

56. Accordingly, Plaintiff brings this cause of action under section 216(b)

of the FLSA, which allows the recovery of all unpaid overtime compensation to which Plaintiff is entitled, but has not been paid, for the 3-year period preceding the filing of Plaintiff's first consent to join as described above through the final disposition of this matter. 29 U.S.C. § 216(b).

57. Plaintiff contends that Defendant's conduct in violating the FLSA is willful. Accordingly, Plaintiff seeks recovery of all unpaid overtime compensation to which he is entitled, but has not been paid, for the three years preceding the filing of Plaintiff's first consent to join as described above through the final disposition of this matter. 29 U.S.C. § 216(b).

58. Due to the willful nature of Defendant's conduct, Plaintiff seeks to recover, as liquidated damages, an amount equal to unpaid overtime wages for the 3-year period preceding the filing of Plaintiff's first consent to join as described above through the final disposition of this matter—that is, the same period for which unpaid overtime damages are sought. 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court enter judgment against the Defendant as follows:

a. For a declaratory judgment that Defendant has willfully and in bad faith violated the overtime wage provisions of the FLSA, and has deprived Plaintiff of Plaintiff's right to such compensation;

b. For an Order requiring Defendant to provide a complete and accurate accounting of all overtime wages to which Plaintiff is entitled;

13

c. For an Order awarding Plaintiff back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

e. For an Order awarding Plaintiff the costs of this action;

f. For an Order awarding Plaintiff attorneys' fees;

g. For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order granting such other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: October 18, 2024

Respectfully submitted by:
**MORGAN & MORGAN, P.A**.

**By:** */s/ Paul M. Botros, Esq*.
Paul M. Botros, Esq.
Fla. Bar No.  0063365
8151 Peters Road
Suite 4000
Plantation, FL 33324
Telephone:  (954) 318-0268
Facsimile:  (954) 327-3017
Email:       pbotros@forthepeople.com